UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Sheridan
and Gabriele Meyer

    v.                              Civil No. 18-cv-449-LM
                                     Opinion No. 2018 DNH 187

Leroy Page, et al

**O R D E R**

This suit arises out of plaintiffs' purchase and construction of a log home kit. Plaintiffs bring this action against United Wall Systems, LLC, d/b/a UWS Construction Group ("UWS"), Leroy Page, and several other corporate entities that were involved in either the sale of the log home kit or its construction, asserting claims sounding in contract and tort, and a violation of the New Hampshire Consumer Protection Act. Before the court is defendant UWS's motion to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs object to this motion. For the following reasons, UWS's motion is denied.[1]

---

[1] UWS requested a hearing on this motion. Doc. no. 20 at 5. Upon review of UWS's motion, the court is not convinced that oral argument would "provide assistance to the court." LR 7.1(d).

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, draw all reasonable inferences from those facts in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth 'a plausible claim upon which relief may be granted.'" Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**BACKGROUND**

The following allegations are taken from the complaint.[2] In January 2017, plaintiffs purchased a log home kit from defendant

---

[2] At the outset, the court notes that both parties attached "matters outside the pleadings" to their motion to dismiss pleadings. Fed. R. Civ. P. 12(d); see Doc. no. 20-1, 20-2, 22-1. Because the court does not rely upon these supplementary materials in its analysis, and instead focuses on the allegations in the complaint, UWS's motion remains one to dismiss, not for summary judgment. See Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18-19 (1st Cir. 1992)("If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion [into a motion for summary judgment] occurs.").

Southland Log Homes, Inc. ("Southland"), which they intended to construct on property located in New Hampshire. Southland provided plaintiffs with a list of approved builders, and plaintiffs selected Leroy Page from that list.

Page, acting as an agent of UWS, sent plaintiffs a quote for the proposed construction of the log home. Plaintiffs subsequently signed a cost breakdown and construction budget document provided to them by Page ("construction contract").

Page and UWS started construction of the log home on plaintiffs' property in New Hampshire in May 2017. Doc. no. 1 at 3. Plaintiffs paid Page over $180,000 during the course of construction. After completion of the log home in October 2017, plaintiffs discovered multiple construction problems, such as crooked and leaning walls, drainage into the home, and no heat in some areas. Plaintiffs allege that the deficient construction caused them emotional distress and forced them to incur additional costs, including alternative living arrangements, and retention of a building inspector and construction manager to repair the home.

Based on these allegations, plaintiffs assert the following claims against UWS and Page: breach of contract and implied warranties; quantum meruit and unjust enrichment; negligence;

negligent infliction of emotional distress; and violation of the New Hampshire Consumer Protection Act.

**DISCUSSION**

UWS moves to dismiss all claims against it, arguing that the complaint alleges insufficient facts to support any of plaintiffs' claims. Doc. no. 20 at 3-5. The court addresses each claim in turn.

I. Breach of Contract and Implied Warranties (Count I)

UWS moves to dismiss plaintiffs' breach of contract and breach of implied warranties claims, arguing that the complaint fails to state such claims because there is no allegation that plaintiffs "had a contract or agreement" with UWS or that "Page . . . was an 'agent' of UWS." Doc. no. 20 at 3. Plaintiffs correctly point out that the complaint does, in fact, include those allegations. Doc. no. 22 at 3.

"In order to state a breach of contract claim under New Hampshire law, [the plaintiff] must allege sufficient facts to show (1) that a valid, binding contract existed between the parties, and (2) that [defendant] breached the terms of the contract." Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 311 (D. N.H. 2012); see also Norton v. Burleaud, 115 N.H. 435, 436 (1975) (recognizing claim for breach of implied warranty to

4

construct residential home that home be constructed in workmanlike manner and in accordance with accepted standards).

Here, the complaint alleges that plaintiffs "had a contract with defendants Page and UWS to build their residential home." Doc. no. 1 ¶ 30. The complaint further alleges that "[a]t all times relevant, Page acted as an agent of UWS, held himself out as an agent of UWS, and entered into a contract with [p]laintiffs by himself and in his authority as Project Manager for UWS." Doc. no. 1 ¶ 31. In support of this contention, plaintiffs allege that the quote Page provided to them was sent "from Page's UWS e-mail address, was detailed on UWS stationary, and provided Mr. Page's UWS contact information." Doc. no. 1 ¶ 13. These facts support plaintiffs' allegation that Page acted as an agent of UWS. Thus, the complaint alleges that a binding contract existed between plaintiffs and UWS by virtue of Page's conduct as UWS's agent.

Although not contested by UWS, the complaint also alleges that UWS breached that contract and the implied warranty of workmanlike quality by failing to construct plaintiffs' log home in a workmanlike fashion. Accordingly, the court concludes that plaintiffs' allegations are sufficient to state claims for breach of contract and breach of implied warranties.

II.  Unjust Enrichment and Quantum Meruit (Count II)

UWS next argues that Plaintiffs' unjust enrichment and quantum meruit claims should be dismissed because plaintiffs fail to allege that UWS received any compensation from plaintiffs, or that Page acted as an agent of UWS.  Doc. no. 20 at 4.  Plaintiffs correctly contend that the complaint alleges that Page acted as an agent of UWS.  Doc. no. 22 at 3.

"Unjust enrichment is an equitable remedy that is available when an individual receives a benefit which would be unconscionable for him to retain."  Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 669 (2013).  This cause of action is an alternative theory of recovery available when there is no valid, express contract covering the subject matter at hand.  See id.

Here, plaintiffs allege that Page acted as, and held himself out as, an agent of UWS during their relationship, and that they paid Page over $180,000 during the course of construction.  Further, the complaint alleges that it would be unconscionable for UWS to retain such benefit based upon Page's and UWS's failure to construct the log home in a workmanlike manner.  Construed favorably to plaintiffs, these allegations are sufficient to raise a plausible inference that UWS received

some benefit from the compensation plaintiffs paid to Page, and to state a claim for unjust enrichment against UWS.

III. Negligence (Count III) and Negligent Infliction of Emotional Distress (Count V)

UWS argues that plaintiffs' claims of negligence and negligent infliction of emotional distress should be dismissed because plaintiffs did not allege "a contractor-customer relationship with UWS" and, therefore, UWS owed no duty of care to plaintiffs. Doc. no. 20 at 4-5. Plaintiffs correctly respond that the complaint alleges that UWS was a party to the construction contract, and that Page entered into that contract as an agent of UWS. Doc. no. 22 at 3.

To state a claim of negligence, a plaintiff must allege "that the defendant owed a duty to the plaintiff, breached that duty, and that the breach proximately caused the claimed injury." Estate of Joshua T. v. State, 150 N.H. 405, 407 (2003); see also Tessier v. Rockefeller, 162 N.H. 324, 342 (2011) (listing elements of claim for negligent infliction of emotional distress, including "causal negligence of the defendant").

As highlighted above, the complaint does, in fact, allege that plaintiffs and UWS had a contractual relationship. For this reason, the court is not persuaded that plaintiffs'

negligence and negligent infliction of emotional distress claims should be dismissed on the grounds advanced by UWS.

IV. <u>Violation of New Hampshire Consumer Protection Act (Count VI)</u>

Finally, UWS moves to dismiss plaintiffs' claim that it violated the New Hampshire Consumer Protection Act ("the CPA"), asserting the complaint states no valid CPA claim against it. The CPA prohibits the use of "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. Ann. ("RSA") § 358-A:2. The CPA provides a non-exhaustive list of prohibited practices, including "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another." RSA 358-A:2, VII.

The complaint alleges that both UWS and Page represented to plaintiffs that subcontractors of a particular quality would work on the project, but, without plaintiffs' knowledge, UWS and Page then hired lesser, unlicensed subcontractors to do the work. These allegations are sufficient to state a plausible claim that UWS violated the CPA.

**CONCLUSION**

For the foregoing reasons, UWS's motion to dismiss (doc. no. 20) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 13, 2018

cc: Counsel of Record