```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Robert Sheridan
and Gabriele Meyer

     v.                              Civil No. 18-cv-449-LM
                                     Opinion No. 2018 DNH 237
Leroy Page, et al
```

### **O R D E R**

This suit arises out of plaintiffs' purchase of a log home kit from defendant, Southland Log Homes, Inc. ("Southland").[1] Before the court is Southland's motion to dismiss or stay plaintiffs' claims against it pending mandatory arbitration. Doc. nos. 13, 13-1. Plaintiffs object. Doc. no. 17. For the following reasons, Southland's motion is granted.

### **STANDARD OF REVIEW**

The First Circuit has yet to address the proper standard of review for a motion to dismiss or stay pending mandatory arbitration. See Pla-Fit Franchise, LLC v. Patricko, Inc., No. 13-CV-489-PB, 2014 WL 2106555, at *3 (D.N.H. May 20, 2014); Boulet v. Bangor Sec. Inc., 324 F. Supp. 2d 120, 123 (D. Me. 2004). Neither party addressed the appropriate standard of

---

[1] Plaintiffs also bring claims against the following defendants: Leroy Page; United Walls Systems, LLC d/b/a UWS Construction Group ("UWS"); and Home Buyers Warranty Corporation d/b/a 2-10 Home Buyers Warranty ("Home Buyers").

review in their pleadings.² Some authority suggests that such motions should be reviewed under the Rule 12(b)(6) standard, see Palcko v. Airborne Express, Inc., 372 F.3d 588, 597 (3d Cir. 2004), while other courts have applied the summary judgment standard, see Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).

Several district courts in the First Circuit have taken a third approach: determining on a case-by-case basis which of these two standards apply based upon whether, in order to resolve the dispute, the court must look beyond the complaint and materials the court may ordinarily consider in resolving a Rule 12(b)(6) motion. See Johnson & Johnson Int'l v. Puerto Rico Hosp. Supply, Inc., 258 F. Supp. 3d 255, 259 (D.P.R. 2017) (applying summary judgment standard where both parties relied upon exhibits filed in the record outside of the complaint and the court intended to reference those materials in assessing the scope of the arbitration clause); Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011) (applying Rule 12(b)(6) standard where defendants' motion to stay relied upon arbitration clause in parties' consulting

---

² Although Southland did not mention a particular standard of review, it recited the facts in separately numbered paragraphs under a heading entitled, "concise statement of undisputed material facts." Doc. no. 13-1 at 3-6.

2

agreement and that same agreement was attached to complaint and formed basis of plaintiffs' claims).

Here, Southland submitted two affidavits from its Chief Financial Officer, see doc. nos. 13-2 and 21-1, and two exhibits, see doc. no. 13-2, Exhs. 1 (sales contract) & 2 (list of builders). Plaintiffs concede that the two exhibits are "true" copies of the sales contract and list of builders. Doc. no. 17 at 2. The court does not intend to rely upon the facts attested to in the affidavits, but will rely upon the sales contract and list of builders. These documents are appropriate for consideration on a Rule 12(b)(6) motion as they are incorporated by reference in the complaint, and their authenticity is not disputed by the parties. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

The court will, therefore, resolve this motion using the Rule 12(b)(6) standard. Accordingly, the court will accept the factual allegations in the complaint as true, and draw all reasonable inferences from those facts in plaintiffs' favor. See Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 7 (1st Cir. 2014)(describing Rule 12(b)(6) standard). A summary of those facts follows.

## BACKGROUND

Southland has its principal place of business in South Carolina, where it manufactures log home kits. In January 2017, Southland executed a sales contract with plaintiffs, who are residents of Florida, for the sale of a log home kit to be delivered to New Hampshire. Doc. no. 13-2, Exh. 1. On the first page of the sales contract, and directly above the heading "Sales Contract," the following language appears: "NOTICE: ANY CLAIMS ARISING UNDER THIS CONTRACT SHALL BE RESOLVED BY ARBITRATION PURSUANT TO PROVISIONS OF THE UNIFORM ARBITRATION ACT § 15-48-10 ET SEQ S.C. CODE."[3] Doc. no. 13-2 at 4. Similarly, the sales contract provides under the heading, "Terms of Our Agreement": "Any claims arising under this contract shall be resolved by arbitration pursuant to provisions of the South Carolina Uniform Arbitration Act . . . ." Id. at 9. Under the subheading "Arbitration, Venue and Governing Law," the sales contract states: "This is a South Carolina contract. . . . Any dispute must be settled by arbitration." Id. at 11. Then, it continues:

> This Sales Contract is executed in and shall be governed by and construed in accordance with the laws of the State of South Carolina. Any claims or

---

[3] This notice appears on the first page of the sales contract that defendants provided to the court, which is marked "Page 2 of 9." Doc. no. 13-2 at 4. Plaintiffs concede that this copy of the sales contract is a "true copy." Doc. no. 17 at 2.

4

> disputes, whether in contract, tort, statutory, or
> otherwise, arising out of, relating to, or in
> connection with, the Sales Contract shall be resolved
> without resort to any form of class action by
> arbitration in Richland County, South Carolina in
> accordance with the rules of the American Arbitration
> Association.

Id.

After execution of the sales contract, Southland assigned plaintiffs a project manager, who sent them a list of builders, doc. no. 13-2, Exh. 2, approved by an accreditation business, Home Buyers. The sales contract contains a reference to such a list:

> Construction: You are solely responsible for
> construction of your home. This includes the
> selection, contracting and supervision of the builder
> for your home. We do not build your home and strongly
> recommend that you have a written contract with your
> builder. <u>If you ask, we will provide a list of
> builders</u>, but it is our recommendation and your
> responsibility to review their work. We do not
> recommend, warrant nor approve any builder.

Doc. no. 13-2 at 9 (emphasis added). Plaintiffs selected a builder, Leroy Page, from this list to construct their log home in New Hampshire. Plaintiffs allege that Page and UWS breached their contract with plaintiffs by constructing the log home in an unworkmanlike manner.

As to Southland, plaintiffs allege two claims: negligent misrepresentation (Count 4) and negligent infliction of emotional distress (Count 5). To support their negligent misrepresentation claim, plaintiffs allege that Southland

5

represented that it would "introduce plaintiffs to qualified, license[d] and bonded Southland Preferred builders in plaintiffs' area."  Doc. no. 1 at ¶ 50.  Plaintiffs also allege that, in addition to providing them with a list of builders, Southland told them that the builders on the list "were highly recommended, and that it was required to use a builder on the list."  Id. at ¶ 53.  Plaintiffs claim that this representation was false, i.e. that Page was not a qualified builder, and that they relied on Southland's representations to their detriment.

Plaintiffs base their claim of negligent infliction of emotional distress against Southland on alleged emotional distress suffered by Meyers due to the deficient construction.  The facts supporting the negligent infliction of emotional distress claim appear to be the same as those underlying the negligent misrepresentation claim.

## DISCUSSION

In deciding a motion to compel arbitration, "a court must ascertain whether: (i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration."  Gove v. Career Systems Dev. Corp., 689 F.3d 1, 4 (1st Cir. 2012) (internal quotation marks omitted).

6

Arbitration is "a matter of contract." Id. (internal quotation marks omitted). For that reason, "principles of state contract law control the determination of whether a valid agreement to arbitrate exists." Id. (internal quotation marks omitted).

Here, the parties do not dispute the first and third prongs: that there is a valid arbitration agreement and that Southland has not waived its right to arbitrate. The only dispute in this case concerns the second prong: whether the dispute falls within the scope of the arbitration agreement. Whether applying the law of New Hampshire (forum state), South Carolina (sales contract's choice of law) or the Federal Arbitration Act ("FAA"), the answer to that question is the same: this dispute falls within the scope of the parties' arbitration agreement.

I. Scope of Arbitration Clauses

To ascertain whether a specific claim falls within the scope of the parties' arbitration agreement, courts examine the factual allegations underlying the claim, rather than the legal label assigned to it. See Genesco, Inc. v. T. Kakiuchi & Co., Ltd, 815 F.2d 840, 846 (2d Cir. 1987); Zabinski v. Bright Acres Assocs., 553 S.E. 2d 110, 118 (S.C. 2001); J. Dunn & Sons, Inc. v. Paragon Homes of New England, Inc., 110 N.H. 215, 217 (1970).

And, under the FAA, South Carolina, and New Hampshire law, any doubts concerning the scope of an arbitration clause are resolved in favor of arbitration. See Granite Rock Co. Int'l Broth. Of Teamsters, 561 U.S. 287, 298 (2010); Zabinski, 553 S.E.2d at 118; Lebanon Hanger Assoc., Ltd. v. City of Lebanon, 163 N.H. 670, 677-78 (2012).

Here, the sales contract contains several arbitration clauses. The first clause appears on the first page of the sales contract as follows: "ANY CLAIMS ARISING UNDER THIS CONTRACT SHALL BE RESOLVED BY ARBITRATION PURSUANT TO [SOUTH CAROLINA LAW]." Doc. 13-2 at 4. This same language is repeated on page seven of the contract. The portion of the sales contract entitled "Arbitration, Venue, and Governing Law," begins by stating that it is a South Carolina contract and that "[a]ny dispute must be settled by arbitration." Id. at 11. It elaborates as follows:

> Any claims or disputes, whether in contract, tort, statutory, or otherwise, arising out of, relating to, or in connection with, the Sales Contract shall be resolved . . . by arbitration in Richland County, South Carolina . . . .

Id.

The above clause therefore expands the scope of arbitrable claims by including "[a]ny claims or disputes, whether in contract, tort, statutory, or otherwise, . . . relating to, or in connection with, the Sales Contract." Id. Whether under the

FAA, South Carolina, or New Hampshire law, such language is "broad" and encompasses a wide range of disputes. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967)(describing as "broad" clause that required arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement"); Aiken v. World Fin. Corp. of S.C., 644 S.E.2d 705, 708 (S.C. 2007) (characterizing arbitration agreements that govern disputes "arising out of or related to" the underlying contract between the parties as "broad arbitration clauses encompassing a wide range of issues" (internal quotations omitted)); State v. Philip Morris USA, Inc., 155 N.H. 598, 604-05 (2007)(describing as "broad" arbitration clause that encompassed "any dispute, controversy, or claim arising out of or relating to" calculations performed or determinations made by an independent auditor).

In this case, plaintiffs' claims against Southland stem from factual allegations "relating to" or "in connection with" the sales contract. Both claims allege that Southland caused plaintiffs to select an unqualified builder, Leroy Page, from a list provided to them by Southland after execution of the sales contract. The sales contract contains an express reference to Southland's willingness to provide a list of builders. See doc. no. 13-2 at 9 ("If you ask, we will provide a list of builders . . . ."). Southland does not dispute that, after execution of

9

the sales contract, it provided plaintiffs with such a list of builders. See id. at 13. This list—and oral assertions Southland made to plaintiffs about the list—are at the heart of plaintiffs' two claims against Southland. Thus, there is little question that plaintiffs' claims are factually related to the sales contract.

Given the broad language of the arbitration clauses and the policy favoring arbitration under federal, South Carolina, and New Hampshire law, the court concludes that both of plaintiffs' claims against Southland fall within the scope of the arbitration clauses in the sales contract. This is the case whether applying the FAA, or the law of either South Carolina or New Hampshire. Consequently, the court must compel the arbitration of plaintiffs' claims against Southland. See 9 U.S.C § 3; S.C. Code Ann. § 15-48-20(a); N.H. Rev. Stat. Ann. § 542:3.

II. Remaining Claims in Lawsuit

As the court has determined that plaintiffs' claims against Southland are arbitrable, the court grants Southland's request to stay those claims pending arbitration. The question remains whether the court should stay the entire action pending arbitration. See, e.g., Crawford v. W. Jersey Health Sys. (Voorhees Div.), 847 F. Supp. 1232, 1243 (D.N.J. 1994)

(collecting cases decided under federal law supporting proposition that "[w]here significant overlap exists between parties and issues, courts generally stay the entire action pending arbitration"). The court defers ruling on whether to stay the entire action until the parties have an opportunity to address the issue. On or before December 10, 2018, defendants Leroy Page, UWS, and Home Buyers shall file briefs (not more than 10 pages in length) addressing whether the court should stay this entire action. Plaintiffs shall file a response on or before December 20, 2018. No reply briefs will be permitted.

## CONCLUSION

For the foregoing reasons, Southland's motion to dismiss or stay pending mandatory arbitration (doc. no. 13) is granted to the extent it requests a stay with respect to plaintiffs' claims against Southland.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 28, 2018

cc: Counsel of Record